UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

JAMIE FAVARO, BARBARA ROSS, PHILIPP
RASSMAN, MARILYN HORAN, PETER MEITZLER,
and MICHAEL GREEN,

                                           Plaintiffs,

                    -against-

THE CITY OF NEW YORK, RAYMOND KELLY,
POLICE COMMISSIONER OF THE NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY POLICE
DEPARTMENT, P.O. JOHN and JANE DOE individually
and in their official capacities (the names John and Jane Doe
being fictitious, as the true names and number are presently
unknown),

                                           Defendants.

------------------------------------------------------------------------- x

**ANSWER TO THE FIRST
AMENDED COMPLAINT**

08 CV 01855 (SAS)

        Defendants the City of New York ("the City"), the New York City Police

Department, and Police Commissioner Raymond Kelly ("defendants"), as and for their answer to

the First Amended Complaint ("complaint") allege as follows:

        1.      Deny the allegations set forth in paragraph 1 of the complaint, except

admit that plaintiffs purport to proceed as set forth therein.

        2.      Deny the allegations set forth in paragraph 2 of the complaint.

        3.      Deny the allegations set forth in paragraph 3 of the complaint, except

admit that plaintiffs purport to proceed as set forth therein.

        4.      Deny the allegations set forth in paragraph 4 of the complaint, except

admit that the Court has jurisdiction over the subject matter of plaintiffs' claims and that

plaintiffs purport to proceed as set forth therein.

        5.      Admit the allegations set forth in paragraph 5 of the complaint.

6.    Deny the allegations set forth in paragraph 6 of the complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 7, 8, 9, 10, 11, and 12 of the complaint.

8.    Deny the allegations set forth in paragraph 13 of the complaint, except admit that the City is a municipal corporation organized under the laws of the State of New York and that the New York City Police Department is a department of the City established by New York City Charter § 431.

9.    Admit the allegations set forth in paragraph 14 of the complaint.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 15 and 16, and further deny so much of said paragraphs as allege or purport to allege that the City is liable to plaintiffs under 42 U.S.C. § 1983.

11.    Deny the allegations set forth in paragraph 17 of the complaint, except admit that Critical Mass bicycle rides are known to have occurred in Manhattan on the last Friday of the month for the past few years and that participation in the rides increased in around late 2003/early 2004 and subsequently decreased and further admit that the Court in Bray v. City of New York, 346 F. Supp.2d 480 (S.D.N.Y. 2004) stated what is quoted therein and respectfully refer the Court to Bray for its complete text and true content.

12.    Deny the allegations set forth in paragraph 18 of the complaint, except admit that there were approximately 4,000 participants in the July 30, 2004 Critical Mass ride, approximately 5,000 participants in the August 27, 2004 Critical Mass ride, and approximately 1,200 participants in the September 24, 2004 Critical Mass ride and further admit that the Court in Bray, 346 F. Supp.2d 480, stated what is attributed therein and respectfully refer the Court to Bray for its complete text and true content.

- 2 -

13.     Admit the allegations set forth in paragraph 19 of the complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 20, 21, 22, 23, and 24 of the complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the complaint, except admit that the Court in <u>Bray</u>, 346 F. Supp.2d 480, stated what is attributed therein and respectfully refer the Court to the decision in <u>Bray</u> for its complete text and true content .

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the complaint.

17.     Deny the allegations set forth in paragraph 27 of the complaint, except admit that approximately 5,000 cyclists participated in the August 27, 2004 Critical Mass ride.

18.     Deny the allegations set forth in paragraphs 28 and 29 of the complaint, except admit that a number of participants in the August 27, 2004 Critical Mass bike ride were arrested and charged with criminal offenses, and that a number of bicycles were seized by the Police Department in connection with the arrests.

19.     Deny the allegations set forth in paragraph 30 of the complaint.

20.     Deny the allegations set forth in paragraph 31 of the complaint, except admit that the Police Department has seized bicycles abandoned during Critical Mass rides and deny so much as alleges or purports to allege that the Police Department's seizure of bicycles was improper.

21.     Deny the allegations set forth in paragraph 32 of the complaint and further deny knowledge or information sufficient to form a belief as to the origin of the quoted text therein.

22.      Deny the allegations set forth in paragraphs 33 and 34 of the complaint.

23.      Deny the allegations set forth in paragraph 35 of the complaint and respectfully refer the Court to the decision in <u>Bray</u>, 346 F. Supp.2d 480 cited therein for its complete text and true content.

24.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 36, 37, 38, 39, 40, and 41 of the complaint, except deny so much of said paragraphs as allege or purport to allege that the alleged seizure of plaintiff Favaro's bicycle was unlawful or unconstitutional.

25.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the complaint, except deny so much of said paragraphs as allege or purport to allege that the alleged seizure of plaintiff Favaro's bicycle was unlawful or unconstitutional, and aver that on March 25, 2005, the Police Department seized a number of bicycles that were left on the street in violation of New York City Administrative Code ("Admin. Code") § 16-122.

26.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the complaint, except deny so much of said paragraph as alleges or purports to allege that the alleged seizure of plaintiff Ross's bicycle was unlawful or unconstitutional.

27.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 44 and 45 of the complaint.

28.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 46 and 47 of the complaint, except deny so much of said

paragraphs as allege or purport to allege that the alleged seizure of plaintiff Ross's bicycle was unlawful or unconstitutional.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the complaint, except deny so much of said paragraph as alleges or purports to allege that the alleged seizure of plaintiff Ross's bicycle was unlawful or unconstitutional and further deny that no notice was provided to plaintiff Ross of the basis for the bicycle seizure.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the complaint, except deny so much of said paragraph as alleges or purports to allege that the alleged seizure of plaintiff Ross's bicycle was unlawful or unconstitutional, and aver that on August 27, 2004, the Police Department seized a number of bicycles that were left on the street in violation of Admin. Code § 16-122 and further

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 50, 51, and 52 of the complaint, except deny so much of said paragraphs as allege or purport to allege that the alleged seizure of plaintiff Ross's bicycle was unlawful or unconstitutional.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the complaint, except deny so much of said paragraph as alleges or purports to allege that the alleged seizure of plaintiff Ross's bicycle was unlawful or unconstitutional, and aver that on March 25, 2005, the Police Department seized a number of bicycles that were left on the street in violation of Admin. Code § 16-122.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the complaint, except deny so much of said

paragraph as alleges or purports to allege that the alleged seizure of plaintiff Ross's bicycle was unlawful or unconstitutional.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 55 and 56 of the complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 57 and 58, except deny so much of said paragraphs as alleges or purports to allege that the alleged seizure of plaintiff Rassmann's bicycle was unlawful or unconstitutional.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the complaint, except deny so much of said paragraph as alleges or purports to allege that the alleged seizure of plaintiff Rassmann's bicycle was unlawful or unconstitutional, and aver that on March 25, 2005, the Police Department seized a number of bicycles that were left on the street in violation of Admin. Code § 16-122.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the complaint, except deny so much of said paragraph as alleges or purports to allege that the alleged seizure of plaintiff Rassmann's bicycle was unlawful or unconstitutional.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 61 and 62 of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 63 and 64 of the complaint, except deny so much of said paragraphs as alleges or purports to allege that the alleged seizure of plaintiff Horan's bicycle was unlawful or unconstitutional.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65, 66, and 67 of the complaint, except deny so much of said paragraph as alleges or purports to allege that the alleged seizure of plaintiff Horan's bicycle was unlawful or unconstitutional.

41.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 68 of the complaint, except deny so much of said paragraph as alleges or purports to allege that the alleged seizure of plaintiff Horan's bicycle was unlawful or unconstitutional, and aver that on February 25, 2005, the Police Department seized a number of bicycles that were left on the street in violation of Admin. Code § 16-122.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the complaint, except deny so much of said paragraph as alleges or purports to allege that the alleged seizure of plaintiff Horan's bicycle was unlawful or unconstitutional.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 70, 71, 72, and 73 of the complaint.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 74, 75, 76, 77, 78, 79, 80, 81, 82, and 83 of the complaint, except deny so much of said paragraphs as allege or purport to allege that the alleged seizure of plaintiff Meitzler's bicycle was unlawful or unconstitutional.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the complaint, except deny so much of said paragraph as alleges or purports to allege that the alleged seizure of plaintiff Meitzler's bicycle

was unlawful or unconstitutional, and aver that on February 25, 2005, the Police Department seized a number of bicycles that were left on the street in violation of Admin. Code § 16-122.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the complaint, except deny so much of said paragraph as alleges or purports to allege that the alleged seizure of plaintiff Meitzler's bicycle was unlawful or unconstitutional.

47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 86 and 87 of the complaint.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 88 and 89 of the complaint, except deny so much of said paragraphs as alleges or purports to allege that the alleged seizure of plaintiff Green's bicycle was unlawful or unconstitutional.

49.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 90, 91, and 92 of the complaint, except admit that on March 25, 2005, the Police Department seized a number of bicycles that were left on the street in violation of Admin. Code § 16-122 and further deny so much of said paragraphs as alleges or purports to allege that the alleged seizure of plaintiff Green's bicycle was unlawful or unconstitutional.

50.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the complaint, deny so much of said paragraph as alleges or purports to allege that the alleged seizure of plaintiff Green's bicycle was unlawful or unconstitutional, and aver that on March 25, 2005, the Police Department seized a number of bicycles that were left on the street in violation of Admin. Code § 16-122.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the complaint, except deny so much of said paragraph as alleges or purports to allege that the alleged seizure of plaintiff Green's bicycle was unlawful or unconstitutional.

52.    Deny the allegations set forth in paragraphs 95 and 96 of the complaint.

53.    Admit so much of the allegations set forth in paragraph 97 as applied to defendant Commissioner Kelly.

54.    Deny the allegations set forth in paragraphs 98 and 99 of the complaint.

55.    In response to paragraph 100 of the complaint, defendants repeat the responses to the paragraphs incorporated by reference therein.

56.    Deny the allegations set forth in paragraph 101 of the complaint, except admit that the City seized certain bicycles under color of law.

57.    Deny the allegations set forth in paragraphs 102 and 103 of the complaint.

58.    In response to paragraph 104 of the complaint, defendants repeat the responses to the paragraphs incorporated by reference therein.

59.    Deny the allegations set forth in paragraph 105 of the complaint, except admit that the City seized certain bicycles under color of law.

60.    Deny the allegations set forth in paragraphs 106 and 107 of the complaint.

61.    Deny the allegations set forth in paragraph 108 of the complaint, except admit that plaintiffs purport to proceed as set forth therein.

## AS AND FOR A FIRST DEFENSE:

62.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE:

63.    To the extent that the complaint seeks relief for any conduct of defendants occurring more than three years prior to the commencement of this action, such relief is barred by the applicable statute of limitations.

## AS AND FOR A THIRD DEFENSE:

64.    Defendants have not violated any rights, privileges or immunities reserved to the plaintiffs by the constitutions or laws of the United States or the State of New York, nor have they violated any act of Congress providing for the protection of civil rights.

65.    The Police Department's seizure of bicycles left on the City streets in violation of Admin. Code § 16-122 was authorized by Admin. Code § 14-140(b).    The enforcement of Admin. Code § 16-122 against plaintiffs and other participants of the August 27, 2004, February 25, 2005 and March 25, 2005 Critical Mass bicycle rides did not violate the First Amendment, the Fourth Amendment, or the Due Process clause of the United States Constitution.

## AS AND FOR A FOURTH DEFENSE:

66.    Any injury alleged to have been sustained resulted from the plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of parties other than the defendants.

## AS AND FOR A FIFTH DEFENSE:

67.    At all times relevant herein, Commissioner Kelly acted within the scope of his employment and in a good faith belief that his actions were lawful, proper and constitutional, and did not violate any clearly established rights of which a reasonable person would have known at the time.

68.    Consequently, Commissioner Kelly is immune from liability under the doctrine of qualified immunity.

### AS AND FOR A SIXTH DEFENSE:

69.    Punitive damages are not obtainable against a municipality, such as the City of New York.

**WHEREFORE**, defendants demand judgment dismissing the complaint, awarding them costs and disbursements in this action, and granting such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          June 5, 2008

> MICHAEL A. CARDOZO
> Corporation Counsel of the
>     City of New York
> Attorney for Defendants
> 100 Church Street, Rm. 5-158
> New York, NY  10007
> (212)788-0758
>
>
> By: _____
>     MICHELLE GOLDBERG-CAHN (MG 4490)
>     Assistant Corporation Counsel